IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00881-KMT

TODD VANCE, individually and on behalf of all others similarly situated.

      Plaintiff,

v.

ARMADILLO MANAGEMENT, L.L.C.; RLDC GP, LLC; REPUBLIC LAND AND DEVELOPMENT COMPANY, LP, f/k/a ARMADILLO CONSTRUCTION COMPANY, LTD., f/k/a ARMADILLO CONSTRUCTION COMPANY, INC.; and  HVH HOMES, LLC d/b/a Armadillo Homes, a View Homes Company
      Defendants.

**COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

---

PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Plaintiff Todd Vance ("Vance" or "Plaintiff") individually and on behalf of all other similarly situated employees, files this Complaint against Defendants (collectively, "Defendants"), showing in support as follows:

### I.    NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff overtime premium pay at the rate of time and one-half the regular rate of pay for all hours worked over 40 during each

1

seven-day workweek while working for Defendants paid on a salary basis as a non-exempt employee.

2.  Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former non-exempt employees of Defendants' who were paid on a salary basis without receiving overtime premium pay at the rate of time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendants in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.  Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

5.  The United States District Court for the District of Colorado has personal jurisdiction over Defendants because Defendants do business in Colorado and in this District.

6.  Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### III.  THE PARTIES

**A.  Plaintiff Todd Vance**

7. Plaintiff is an individual residing in Bexar County, Texas. Plaintiff has standing to file this lawsuit.

8. Plaintiff began working for Defendants on or about January of 2020. Plaintiff is a former employee. Plaintiff stopped working for Defendants on or about January of 2021.

9. At all times, Plaintiff earned a salary of approximately $60,000.00 per year in connection with work for Defendants.

10. Plaintiff's written consent to participate in this lawsuit was filed along with the Original Complaint as Exhibit 1.

**B.  Collective Action Members**

11. The putative Collective Action Members are all current or former non-exempt employees of Defendants who were paid on a salary basis without receiving overtime premium pay at the rate of time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendants. Because Defendants did not pay all overtime premium compensation due to their non-exempt employees paid on a salary basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

12. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.  Defendants Armadillo Management, L.L.C., RLDC GP, LLC, and Republic Land and Development Company, LP, f/k/a Armadillo Construction**

**Company, Ltd., f/k/a Armadillo Construction Company, Inc. (the "Armadillo Homes" Defendants).**

13.     The Armadillo Homes Defendants include Armadillo Management, L.L.C., RLDC GP, LLC, and Republic Land and Development Company, LP, f/k/a Armadillo Construction Company, Ltd., f/k/a Armadillo Construction Company, Inc.

14.     On or about February of 2019, one or more of the View Homes Defendants acquired the Armadillo Homes Defendants.[1] Accordingly, at times relevant the Armadillo Homes Defendants have been owned by a Colorado Springs-based enterprise.

15.     At all times relevant to this lawsuit, the Armadillo Homes Defendants have been individually and/or jointly an "enterprise engaged in commerce" as defined by the FLSA.

16.     At all times relevant to this lawsuit, the Armadillo Homes Defendants have employed and continue to employ two or more employees.

17.     At all times relevant to this lawsuit, the Armadillo Homes Defendants have employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

18.     Furthermore, the Armadillo Homes Defendants have employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce, including tools, building materials, and vehicle fuel in connection with building and repairing residential homes build by the Armadillo Homes Defendants.

---

[1]     *See id.*

19.     Defendant Armadillo Management, L.L.C. may be served with summons through its registered agent Jeffrey J. Czar Jr. at 307 Huntington Place; San Antonio, Texas 78231.

20.     On information and belief, at all times relevant to this lawsuit, Defendant Armadillo Management, L.L.C. has had annual gross sales or business volume in excess of $500,000.00.

21.     Defendant RLDC GP, LLC may be served with summons through its registered agent Jeffrey J. Czar Jr. at 307 Huntington Place; San Antonio, Texas 78231.

22.     On information and belief, at all times relevant to this lawsuit, Defendant RLDC GP, LLC has had annual gross sales or business volume in excess of $500,000.00.

23.     Defendant Republic Land and Development Company, LP, f/k/a Armadillo Construction Company, Ltd., f/k/a Armadillo Construction Company, Inc. may be served with summons through its registered agent Jeffrey J. Czar Jr. at 307 Huntington Place; San Antonio, Texas 78231.

24.     On information and belief, at all times relevant to this lawsuit, Defendant Republic Land and Development Company, LP, f/k/a Armadillo Construction Company, Ltd., f/k/a Armadillo Construction Company, Inc. has had annual gross sales or business volume in excess of $500,000.00.

**D.     Defendant HVH Homes, LLC**

25.     Defendant HVH Homes, LLC ("HVH") is a limited liability company organized under the laws of the State of Texas.

26. According to publicly accessible information filed with the Texas Secretary of State, Defendant's principal place of business is 555 Middle Creek Pkwy Suite 500; Colorado Springs, Colorado 80921-3614.

27. At all times relevant to this lawsuit, HVH has been an "enterprise engaged in commerce" as defined by the FLSA.

28. At all times relevant to this lawsuit, HVH has employed and continues to employ two or more employees.

29. At all times relevant to this lawsuit, HVH has employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

30. Furthermore, HVH has employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce, including tools, building materials, and vehicle fuel in connection with building and repairing residential homes built by HVH.

31. Defendant HVH may be served with summons through its registered agent Victor M Firth at 311 Montana Avenue, Law Center; El Paso, TX 79902.

32. On information and belief, at all times relevant to this lawsuit, Defendant HVH has had annual gross sales or business volume in excess of $500,000.00.

## IV. **FACTUAL BACKGROUND**

33. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34. The Armadillo Homes Defendants and HVH are in the business of residential real estate development.

35. Plaintiff began working for Defendants on or about January of 2020.

36. Plaintiff worked for Defendants as a warranty care representative. Plaintiff's primary job duty was performing repairs on homes manufactured by Defendants.

37. Plaintiff was at all times a non-exempt employee because he performed predominantly manual labor tasks as Defendants' employee. Plaintiff's work was supervised by Michael Gonzales, one of Defendants' employees.

38. Plaintiff was at all times paid on a salary basis of approximately $60,000.00 per year.

39. Plaintiff frequently worked in excess of forty hours in a workweek. Plaintiff's average workweek encompassed between approximately 60 hours or more of work for Defendants. However, Defendants did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

40. On information and belief, both the Armadillo Homes Defendants and HVH employed warranty care representatives who, like Plaintiff, were paid on a salary basis without overtime pay, despite routinely working over forty hours in a workweek.

### V.     FLSA CLAIMS FOR OVERTIME PAY

41. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

42. All conditions precedent to this suit, if any, have been fulfilled.

43. At all relevant times, Defendants are/were eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d). Additionally, the FLSA recognizes the doctrine of joint employers. *See generally* 29 C.F.R. § 791.2. Defendants were Plaintiff's joint employers.

44. At all times relevant to this lawsuit, Defendants have been and are (an) enterprise(s) engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A), § 203(r); *Brennan v. Arnheim & Nelly, Inc.*, 410 U.S. 512, 521 (1973) (recognizing the ability to aggregate related activities performed by any person or persons for a common business purpose, including activities performed in one or more establishments relative to enterprise coverage).

45. At all material times, Plaintiff was Defendants' employee pursuant to the FLSA. 29 U.S.C. § 203(e).

46. Plaintiff was not exempt from overtime under the FLSA.

47. Plaintiff was paid on a salary basis.

48. At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek for Defendants. Defendants were required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

49. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

50. Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

51. Defendants' violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that

Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

52. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative Collective Action Members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

53. Plaintiff seeks all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   COLLECTIVE ACTION CLAIMS

54. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

56. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former warranty care representative employees of Defendants who were paid on a salary basis without overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

57. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid on a salary basis without

receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

58. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

59. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

60. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

61. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

62. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

63. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

64. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

65. Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a

judgment against Defendants or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated:  June 1, 2021                    Respectfully submitted,

/s/ Melinda Arbuckle
**Melinda Arbuckle**
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
Telephone: (713) 621-2277
E-mail: marbuckle@eeoc.net

**Glenn D. Levy** (seeking admission)
Law Offices of Glenn D. Levy
906 West Basse Road, Suite 100
San Antonio, Texas 78212
Telephone: (210) 822-5666
E-mail: glenn@glennlevylaw.com

ATTORNEYS FOR PLAINTIFF AND
PUTATIVE COLLECTIVE ACTION MEMBERS

**D.C.COLO.LAttyR 5 Certification**

The undersigned hereby certifies that she is a member in good standing of the bar of this District Court.

/s/ Melinda Arbuckle
*Melinda Arbuckle*

12