**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-CV-00881-KMT

TODD VANCE, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

ARMADILLO MANAGEMENT, LLC, RLDC GP, LLC,
REPUBLIC LAND AND DEVELOPMENT COMPANY, LP,
f/k/a ARMADILLO CONSTRUCTION COMPANY, INC., and
HVH HOMES, LLC d/b/a ARMADILLO HOMES, a View Homes Company,

     Defendants.

---

**DEFENDANT HVH HOMES, LLC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendant HVH Homes, LLC ("HVH" or "Defendant"), by and through its undersigned counsel, Fox Rothschild, LLP, hereby moves to dismiss all claims brought against it by Plaintiff Todd Vance ("Plaintiff" or "Vance") on behalf of himself and all others similarly situated, pursuant to Fed. R. Civ. P. 12(b)(2) and (3). In support thereof, HVH states as follows:

Pursuant to D.C.COLO.LCivR 7.1(b)(2), no conferral is required for this Rule 12 motion. Counsel for HVH has nevertheless conferred with counsel for Plaintiff and the other Defendants in this case regarding the filing of this motion. Defendants Armadillo Management, LLC ("Armadillo Management"); RLDC GP, LLC ("RLDC"); Republic Land and Development Company, LP ("Republic") and Armadillo Construction Company ("Armadillo Construction") do not oppose the relief sought in this motion. Plaintiff is conditionally opposed to the relief sought in this motion, although counsel for HVH and counsel for Plaintiff are currently communicating

as to whether, and the circumstances under which, Plaintiff may withdraw his opposition to this motion.

## I.   INTRODUCTION

Defendant HVH moves to dismiss Plaintiff's claims for failure to pay overtime under the Fair Labor Standards Act ("FLSA") on the grounds that this Court lacks personal jurisdiction over Defendant and venue is improper.  Alternatively, HVH seeks a transfer of this action to the more appropriate venue of the Western District of Texas.  This Motion should be granted because: (1) HVH is organized under the laws of the State of Texas; (2) HVH maintains its principal place of business in Texas; (3) HVH does not conduct its operations nor have employees in Colorado; (4) HVH does not own real property in Colorado; and (5) all or a substantial part of Plaintiff's claims occurred in Texas, and did not or could not have occurred in Colorado.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2021, Plaintiff filed his Original Complaint, individually and on behalf of others similarly situated, naming as defendants View Homes Incorporated ("View Homes"); Aspen View Homes, LLC ("Aspen View Homes"); Armadillo Management; RLDC; Republic; and Trinet HR II, Inc. ("Trinet").  Dkt. No. 1.  On April 22, 2021, Defendants RLDC and Republic moved to dismiss Plaintiff's claims against them pursuant to Rule 12.  Dkt. No. 13.  Plaintiff subsequently voluntarily dismissed View Homes and Aspen View Homes on May 19, 2021, Dkt. No. 27, and on June 14, 2021 filed an Amended Complaint, naming "HVH Homes, d/b/a Armadillo Homes, a View Homes Company" as well as Armadillo Management, RLDC, Republic, and Armadillo Construction Company, as defendants. Dkt. No. 36.  On June 24, 2021, Defendants RLDC and Republic filed a First Amended Motion to Dismiss, which is now fully briefed.  Dkt.

Nos. 37, 43, 44.  HVH now files its own Motion to Dismiss in response to Plaintiff's Amended Complaint, Dkt. No. 36.

Plaintiff's Amended Complaint alleges that HVH and other defendants failed to pay Plaintiff and similarly situated employees for overtime hours worked in violation of the FLSA. *See* Dkt. No. 36, ¶1-3; 41-63.  HVH does not deny that it employed Plaintiff as a warranty care representative between January 2020 and January 2021.  However, Plaintiff's Amended Complaint contains only bare, unsupported, conclusory allegations that this Court has personal jurisdiction over HVH and that venue in this Court is appropriate. *See id.*, ¶5-6; *see also Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) ("The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.").

Plaintiff alleges that he is a resident of Bexar County, Texas.  *See* Dkt. No. 36, ¶7.  Plaintiff further alleges that HVH "is a limited liability company organized under the laws of the State of Texas. *See id.*, ¶25.  Significantly, Plaintiff makes *no allegations* that he is or was a resident of Colorado, he was employed by HVH in Colorado, or that his employment with HVH has any connection to Colorado.  Similarly, Plaintiff's Amended Complaint contains *no allegations* that HVH has any Colorado employees, that it conducts business in Colorado, or that its other purported contacts with Colorado are sufficient to confer personal jurisdiction.  Indeed, Plaintiff's sole factual allegation that suggests Colorado has jurisdiction is that supposed "publicly accessible information filed with the Texas Secretary of State" shows that HVH's principal place of business is in Colorado Springs.  *See id.*, ¶26.  However, this factual assertion is demonstrably false and should not be considered by the Court.  *See Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009) (granting motion to dismiss where the allegations were "patently untrue"); *Jacobsen v. Bank*

*of Am., N.A.*, 2010 WL 5140686, at \*3 (W.D. Va. Dec. 13, 2010) ("Although the court owes the complaint a presumption of truth, it need not accept as true that which is demonstrably false.").

Contrary to Plaintiff's allegation, HVH has not submitted any public filings with the Texas Secretary of State indicating its principal place of business is in Colorado. In fact, HVH has submitted only four public filings with the Texas Secretary of State, all of which indicate that HVH's principal place of business is in Texas. *See* **Exhibit A**, Certificate of Formation Limited Liability Company filed on December 3, 2018 (showing business address in El Paso Texas, identifying Manager Randal O'Leary with address in El Paso, Texas, and identifying Organizer J Crawford Kerr with address in El Paso, Texas); **Exhibit B**, Assumed Name Certificate for Filing with the Secretary of State filed on February 1, 2019 (showing state of incorporation as Texas, address of registered office in El Paso, Texas, principal office address in El Paso, Texas, listing counties where business is to be conducted as Bexar, Comal, Guadalupe and Webb (all in Texas)); **Exhibit C**, Texas Franchise Tax Public Information Report dated August 7, 2019 (listing mailing address as El Paso, Texas); and **Exhibit D**, Statement of Change of Registered Office/Agent filed on February 6, 2020 (showing current registered agent with registered office in El Paso, Texas, and new registered agent with address in El Paso, Texas). These filings clearly indicate that HVH is incorporated in Texas, and that its registered office, principal office, mailing address, and registered agent are all in Texas. Notably, HVH has not filed any documents with the Texas Secretary of State that indicate or list a Colorado address, either as a mailing address, registered office, principal office, or for a registered agent. *See generally* Exs. A-D.

Upon information and belief, Plaintiff's allegation in Paragraph 26 of his Amended Complaint that "publicly accessible information filed with the Texas Secretary of State shows HVH's principal place of business is Colorado Springs, Colorado" is based on a screen from the

Texas Secretary of State website that contains information that was not submitted on any signed, public filing by HVH.  *See* **Exhibit E**, printout of "Business Organizations Inquiry – View Entity" screen.  HVH cannot determine why or how the Colorado address shown in Exhibit E ended up being listed on a "View Entity" screen on the Texas Secretary of State website (because it is not contained in any of HVH's actual filings), but in any event, this information is unreliable because it lacks any discernable source and was not filed by HVH.  Plaintiff therefore cannot rely upon this "View Entity" screen to overcome the constitutional hurdle required to establish personal jurisdiction over a party that is otherwise foreign to Colorado, particularly where there is clear evidence that none of HVH's filings with the Texas Secretary of State contain any reference to Colorado.

### III.   ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(2) and (3), dismissal is appropriate if the Court lacks personal jurisdiction or venue over the claims for relief asserted in the Amended Complaint.

**A.   PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

To successfully plead personal jurisdiction in Colorado, Plaintiff must demonstrate, via affidavit or other written materials, facts that, if true, would support jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Plaintiff has not made the requisite showing for personal jurisdiction, as his argument is based merely upon bare, conclusory allegations in the Amended Complaint and the unverifiable "View Entity" screen from the Texas Secretary of State website.  Further, because Plaintiff fails to allege that any actions occurred in Colorado, he appears to be claiming only general personal jurisdiction over HVH.

1.      **HVH Is Not Subject to General Personal Jurisdiction in Colorado Because It Is "At Home" in Texas.**

"[A] court may assert jurisdiction over a foreign corporation to hear any and all claims against it only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The "paradigm" forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137.  A state may also exercise general jurisdiction over a nonresident corporate defendant whose affiliations with the forum state are "so continuous and systematic" as to render them essentially "at home" in the forum state. *Goodyear*, 564 U.S. at 919.

Here, HVH is incorporated in Texas and its principal place of business is also in Texas. *See* Dkt. No. 36, ¶25; Exhibits A-D.  Plaintiff's Amended Complaint contains no allegations stating that HVH has any Colorado employees or that HVH directs its business activities towards Colorado.  Plaintiff voluntarily dismissed all Colorado entities from this matter prior to filing his Amended Complaint, and Plaintiff makes no allegation that HVH is simply an agent or alter ego of these entities or of any Colorado company.  Regardless, "a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974); *SGI Air Holdings II LLC. v. Novartis Int'l, AG*, 192 F.Supp.2d 1195, 1200 (D. Colo. 2002).  No circumstances justifying any disregard of the corporate form are contained in Plaintiff's Amended Complaint and HVH operates as a separate corporate entity from View Homes, Inc.  Thus, Defendant HVH has no "continuous or systematic" affiliations with Colorado sufficient to render it "essentially at home" in the state.

**2.**     **Plaintiff Fails to Establish Specific Personal Jurisdiction Because None of the Alleged Acts Show HVH Has Sufficient Minimum Contacts to Satisfy Due Process Requirements.**

Although Plaintiff's Amended Complaint does not include facts or allegations implicating specific personal jurisdiction for HVH, under the Colorado long-arm statute and longstanding federal precedent, no such jurisdiction exists. "The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process." *Eim v. CRF Frozen Foods LLC*, 2019 WL 1382790, at \*2 (D. Colo. 2019) (*citing Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Where personal jurisdiction is asserted over a nonresident defendant who has not consented to suit in the forum, minimum contacts only exist if the plaintiff demonstrates that the defendant maintains "continuous and systematic general business contacts" in the state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

"[T]he minimum contacts test for specific jurisdiction encompasses two distinct requirements: first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of' defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *see also Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S.Ct. 1773, 1781 (U.S. 2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be

an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.") (quotations removed).

Here, Plaintiff has made no allegations that the actions in this matter arose from HVH's activities in Colorado. Plaintiff does not allege that he worked in Colorado, visited Colorado in connection with his work, took direction from any Colorado-based employees of Defendants, or that the decision to classify Plaintiff as a non-exempt employee occurred in Colorado. Similarly, Plaintiff makes no allegation that any similarly situated employees who constitute any putative collective reside or work in Colorado. In short, there is nothing directly implicating Colorado for purposes of specific jurisdiction in Plaintiff's Amended Complaint and dismissal for lack of personal jurisdiction over HVH is appropriate.

Even if this Court were to find Defendant HVH has sufficient minimum contacts with Colorado, any assumption of jurisdiction in Colorado would offend traditional notions of "fair play and substantial justice." *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The inquiry a court must make is "whether … exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1078 (10th Cir. 2004). In assessing whether an exercise of jurisdiction is reasonable, courts must "consider [a] the burden on the defendant, [b] the forum state's interest in resolving the dispute, [c] the plaintiff's interest in receiving convenient and effective relief, [d] the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and [e] the shared interest of the several states in furthering fundamental social policies." *Id.*

First, assumption of personal jurisdiction over HVH would impose a significant burden on HVH. HVH's offices are in El Paso, Texas which is where the officers and employees who are the most likely witnesses in this matter reside. Litigating in a forum far removed from the key

8

decisionmakers and Plaintiff's former coworkers in Texas (who will be able to testify about the hours worked by Plaintiff, among other relevant topics) will unnecessarily increase the burden and expense on the parties and any third-party witnesses.

Second, the Court's assumption of jurisdiction over HVH would serve no interest to the State of Colorado. *See OMI Holdings*, 149 F.3d at 1096. Specifically, Colorado has no interest in a non-resident Plaintiff whose alleged FSLA claim arises out of employment in another state with an employer which is incorporated and located in another state. Further, this case involves an application of federal law and there are no discrete issues of Colorado law that may require analysis by a court more familiar with its contours and processes. *Id*.

Third, the Plaintiff and any putative collective will be able to receive convenient and effective relief in a more appropriate forum. Plaintiff's chances of recovery will not be "greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *Benton*, 375 F.3d at 1079. Once again, this matter is governed by federal law and federal courts in Texas, as elsewhere, are well versed in resolving FLSA cases. Plaintiff can obtain relief on behalf of himself and any putative collective in a forum with unquestioned jurisdiction.

Fourth, Colorado is not the most efficient state to litigate this dispute. As discussed above, the location of witnesses, the location where the alleged wrongs occurred, and the substantive law governing the case all cut against personal jurisdiction for HVH in Colorado. *See OMI Holdings*, 149 F.3d at 1097. Finally, both Colorado and Texas have a shared interest in ensuring employers adhere to the requirements of FLSA. *Id.* There is no substantive social policy specific to Colorado that will be harmed by having a Texas court adjudicate a dispute between a Texas resident and a Texas corporation.

For these reasons, this Court should dismiss Plaintiff's Amended Complaint, without prejudice, for lack of personal jurisdiction over HVH.  Plaintiff is free to refile this matter in the appropriate jurisdiction of Texas—where both parties and the other putative collective action members reside.

**B.    VENUE**

Independent of the lack of personal jurisdiction issue, this Court should dismiss Plaintiff's claims for improper venue under Fed. R. Civ. P. 12(b)(3), or alternatively transfer this action to the Western District of Texas under 28 U.S.C. § 1406(a). ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**1.    Venue is Improper in the District of Colorado**

28 U.S.C. § 1391 establishes the appropriate venue for suits brought in federal court.  The relevant part of the statute states that the appropriate venue for an action is: (i) any judicial district where the defendant resides (if the defendant resides in the forum state), or (ii) any judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1), (2).  "The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction." *Nagim v. Jackson*, 2010 WL 4318896, at *2 (D. Colo. 2010) (*citing Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1057–58 (D. Kan. 2006)).  For purposes of the venue analysis, a corporate defendant "resides" in any district in which it is subject to the court's personal jurisdiction with respect to the civil action in question.  28 U.S.C. § 1391(c)(2).

As explained above in Section III.A, HVH is not subject to this Court's personal jurisdiction with respect to this action.  HVH "resides" in Texas, where it is incorporated and has

its principal place of business.  Further, Plaintiff has not alleged that any of the events or omissions giving rise to the claim occurred in Colorado.

> **2.      Alternatively, This Court Should Transfer the Matter to the Western District of Texas.**

Even if the Court finds that venue is proper in Colorado, the Court should still transfer the case to the Western District of Texas under 28 U.S.C. § 1404(a).  A district court may transfer an action "for the convenience of parties and witnesses, and in the interest of justice, ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).  The incidents giving rise to this action occurred as a result of Plaintiff's employment with HVH in Texas, so venue is proper there.

Once a motion for transfer under § 1404(a) has been made, courts may weigh a number of discretionary factors, including: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical." *Id.*

The analysis for many of these factors is similar to the analysis for establishing personal jurisdiction, as set forth above.  The main factor that stands out is Plaintiff's choice of this forum. From the face of the Amended Complaint, there is no clear reason for Plaintiff's choice of Colorado as the venue because *all* of the parties in this matter are located in Texas.  *See* Dkt. No. 37.  More importantly, Plaintiff does not reside in this District and none of the facts giving rise to the lawsuit are materially related or have any significant connection to Colorado.  *See Emp'rs.*

11

*Mut. Cas. Co.*, 618 F.3d at 1168.  Additionally, most (if not all) witnesses and other sources of proof are in Texas and this case involves application of federal law.  Likewise, most (if not all) of the non-party witnesses are located in Texas, within the subpoena power of the Texas courts. Finally, concerns about issues of local law or conflicts or law are nonexistent and concerns about efficient and economical adjudication of this matter are significant.  This matter should not be retained and litigated in a non-convenient forum simply because Plaintiff elected to file in a forum with only a spurious connection to his claims.

## IV.    CONCLUSION

For all of the reasons set forth above, HVH should be dismissed from this action for lack of personal jurisdiction as it is not incorporated or located in Colorado, and Plaintiff does not plead any connection between HVH and Colorado.  For the same reasons, venue is improper in the District of Colorado and this case should be dismissed or transferred to the Western District of Texas, which is a far more convenient venue than the District of Colorado for the parties and the witnesses.  Defendant HVH Homes, LLC therefore respectfully asks the Court to either dismiss this action or to transfer it to the Western District of Texas.

Respectfully submitted this 3rd day of September, 2021.

FOX ROTHSCHILD LLP

s/ *Stacy D. Mueller*
Stacy D. Mueller
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone:  303.838.7667
smueller@foxrothschild.com

Attorneys for Defendant
HVH Homes, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2021, I electronically filed the foregoing **DEFENDANT HVH HOMES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Melinda Arbuckle
marbuckle@eeoc.net

Glenn D. Levy
glenn@glennlevylaw.com

ATTORNEYS FOR PLAINTIFF

s/ *Stacy D. Mueller*